### In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.

#### MDL No. 381.

United States District Court, E.D. New York.

July 8, 1983.

Victor J. Yannacone, Jr., Yannacone & Associates, Patchogue, N.Y., for plaintiffs.

Leonard L. Rivkin, Rivkin, Leff, Sherman & Radler, Garden City, N.Y., for defendant The Dow Chemical Corp.

Morton B. Silberman, Clark, Gagliardi & Miller, White Plains, N.Y., for defendant T.H. Agriculture & Nutrition Company, Inc.

Wendell B. Alcorn, Jr., Cadwalader, Wickersham & Taft, New York City, for Diamond Shamrock.

Philip D. Pakula, Townley & Updike, New York City, for defendant Monsanto.

William Krohley, Kelley, Drye & Warren, New York City, for defendant Hercules, Inc.

Thomas Beck, Arthur, Dry & Kalish, New York City, for defendant Uniroyal.

Howard Lester, Lester, Schwab, Katz & Dwyer, New York City, for defendant Hoffman-Taft.

John M. Fitzpatrick, Dilworth, Paxson, Kalish & Levy, Philadelphia, Pa., for defendant Hooker Plastics & Chemicals Corp.,

David R. Gross, Budd, Larner, Kent, Gross, Picillo & Rosenbaum, Newark, N.J., for defendant Thompson Chemical Co.

Paul V. Esposito, Lewis, Overbeck & Furman, Chicago, Ill., for defendant Riverdale Chemical Co.

Arvin Maskin and Gretchen Leah Witt, Civil Division, Department of Justice, Washington, D.C., for the United States of America.

### PRETRIAL ORDER No. 56

GEORGE C. PRATT, Circuit Judge.*

In Pretrial Order No. 48, the court adopted the special master's recommended procedures for discovery of documents which may be subject to the state secrets privilege. Familiarity with that order and those procedures is assumed.

On June 14, 1983, the special master, after inspecting *in camera* hundreds of documents, submitted his recommendation as to which documents or portions thereof are relevant to this litigation. The procedures require that the government either produce these materials or formally assert the state secrets privilege pursuant to *United States v. Reynolds,* 345 U.S. 1, 11, 73 S.Ct. 528, 533, 97 L.Ed. 727 (1954).

Defendants object to the special master's recommendation on two grounds. Their first argument, that the government should be required to formally invoke the state secrets privilege with respect to all of the documents at issue whether or not they are relevant, was addressed in Pretrial Order No. 48, and the reasons for the adoption of the procedures utilized herein need not be repeated.

Defendants' second argument requires further inquiry. The special master conducted virtually all of his *in camera* review prior to this court's decision on May 12, 1983, which found unnecessary a separate trial on the government contract defense and instead ordered a trial on the combined issues of the government contract defense, liability, and general causation. It is not clear from the special master's recommendations on relevancy whether, in inspecting the documents, he considered their relevancy to a trial on all of these issues or whether he limited his determinations of relevancy to the issue of only the government contract defense.

The special master is therefore directed to review his recommendation in light of the defendants' concerns expressed in Point II of their memorandum to this court dated June 27, 1983, and make a further report to the court addressing the relevancy of the documents to all of the issues to be determined at the upcoming trial. Whether or not the special master will need to reinspect any of the documents is a matter left to his discretion in light of his own recollections, notes, and analysis.

SO ORDERED.

---

* Of the U.S. Court of Appeals for the Second    Circuit, sitting by designation.